HOUSTON, Justice
(concurring specially).
I concur in the granting of the motion to stay.
The method of appointing trustees for Alabama State University differs from the method of appointing trustees for Auburn University.
Amendment No. 161 of the Constitution of Alabama of 1901, which addresses the ap *466 pointment of trustees to the board of Auburn University, provides: “The trustees shall be appointed by the governor, by and with the advice and consent of the senate.... ” This language was construed by this Court in State ex rel. Little v. Foster, 130 Ala. 154, 161-62, 30 So. 477, 479 (1901), as follows:
“The power of appointment here conferred is not upon the Governor alone. It is plainly conferred upon him and the senate jointly. The advice and consent of the senate is as much an essential to the due execution of the power as is the nomination by the Governor. The plain requirement from the language is, that both must be consulted, that both must consent, and that both must exercise the power reposed in them jointly. The senate can no more make the appointment, without the Governor, than the Governor can make it without the senate.”
Although the same language (“The trustees shall be appointed by the Governor, by and with the advice and consent of the Senate”) is found in Ala.Code 1975, § 16-50-20, relating to the board of trustees of Alabama State University, this “plain requirement” is followed by a provision not found in Amendment No. 161: “All appointments shall be effective until adversely acted upon by the Senate.”
I would be uncomfortable not staying the trial court’s order dissolving its preliminary injunction until I could study the effect this subsequent provision has on what would otherwise be a “plain requirement from the [previous] language” and until I could determine whether adjournment without favorable advice and consent constitutes adverse action by the Senate.